THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
LAWRENCE S. MIDDLETON (State Bar No. 157866)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California  90012
    Telephone:  (213) 894-0141
    Facsimile: (213) 894-0141
    E-mail: lawrence.middleton@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 09-00001-CT |
| | ) | |
| Plaintiff, | ) | ORDER FINDINGS OF FACT AND |
| | ) | CONCLUSIONS OF LAW |
| v. | ) | |
| | ) | |
| MAGON ROBLES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

    The parties last appeared before the court in this matter
on June 3, 2009, for a hearing on a motion for an order to show
cause why defendant Magon Robles' bond should not be revoked.
Defendant Robles was present at the hearing and represented by his
attorney of record, Austin Dove.  The government was represented by
Assistant United States Attorney Lawrence S. Middleton.  The court,
after carefully considering the evidence presented at the hearing
and the oral arguments presented by counsel, ordered that
defendant's bond be revoked and that he be detained pending

//

//

sentencing.  In conjunction with that order, the court hereby makes the following Findings of Fact and Conclusions of Law.

Findings of Fact

1.    Defendant Robles was previously brought before the court on a motion to show cause on March 31, 2009, the date of his guilty plea, also for failure to comply with the terms and conditions of his supervision.

2.    At the March 31, 2009 hearing on the motion for an order to show cause, the court admonished defendant that he was to comply with the terms and conditions of his release.  The court also advised defendant of the consequences of his failure to comply.

3.    Defendant entered a plea of guilty on March 31, 2009, and since that time, has been free on bond pending sentencing.

4.    Since his guilty plea, defendant has continued to violate the terms and conditions of his release.  Specifically, as established by Government's Exhibit 1 and the testimony of the Pretrial Services Officer presented at the June 3, 2009 hearing, defendant's violations include, among others, the following:

a.    On April 2, 2009, defendant failed to report to Detection and Treatment Resources ("DTR") for drug testing;

b.    On April 6, 2009, defendant failed to report to the Pretrial Services Officer by telephone;

c.    On April 7, 2009, defendant failed to report to DTR for drug testing;

d.    On April 17, 2009, defendant failed to report to DTR for drug testing;

e.    On April 17, 2009, defendant failed to report in person to the Pretrial Services Officer;

f.    On April 21, 2009, defendant failed to report to DTR for drug testing;

g.    On April 21, 2009, at the Pretrial Services Office, defendant failed to provide a urine sample for drug testing;

h.    On April 22, 2009, at the Pretrial Services Office, defendant failed to provide a urine sample for drug testing;

i.    On May 18, 2009, at the Pretrial Services Office, defendant failed to provide a urine sample for drug testing;

j.    On numerous occasions between April 1, 2009 and June 3, 2009, defendant failed to return telephone messages from the Pretrial Services Officer;

k.    On multiple occasions between May 13, 2009 and June 3, 2009, defendant failed to keep a sweat patch drug testing device properly secured to his person.

5.    Any Conclusions of Law deemed to be Findings of Fact are incorporated by reference into these Findings of Fact.

Conclusions of Law

6.    Pursuant to the provisions of 18 U.S.C. § 3148(a) a person who has been released under 18 U.S.C. § 3142 (release or detention of a defendant pending trial), and who has violated a condition of his release is subject to a revocation of release, an order of detention, and a prosecution for contempt of court. Evidence of defendant's numerous failures to appear for drug testing and to meet with his Pretrial Services Officer, as required under the terms of his supervision, demonstrate by clear and convincing evidence that defendant has violated the conditions of his release. Further, based on the factors set forth at 18 U.S.C. § 3142(g), there are no conditions of release that will assure that defendant

will not flee, and, defendant is unlikely to abide by any condition or any combination of conditions of release.

7.    Where a defendant has pleaded guilty and is on bail pending sentencing, pursuant to the provisions of 18 U.S.C. § 3143, the court shall order that he be detained unless the court finds by clear and convincing evidence that he is not likely to flee. Regardless of which party bears the burden of proving flight risk or the lack thereof, and notwithstanding any previous bail order in this case, the evidence as presented at the June 3, 2009 hearing demonstrates, and the court finds, by clear and convincing evidence that defendant is now a flight risk and that there are no conditions of release that are likely to assure his presence at future proceedings in this matter.

8.    To the extent that any Findings of Fact are deemed to be Conclusions of Law, they are incorporated herein.

9.    In light of the foregoing, defendant's bond is revoked and defendant is ordered detained pending sentencing.


        DATED: June 11, 2009


                                        *CAROLYN TURCHIN*_____
                                        HONORABLE CAROLYN TURCHIN
                                        United States Magistrate Judge



Presented by:


_____LSM_____
LAWRENCE S. MIDDLETON
Assistant United States Attorney